UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE HAMILTON | CIVIL ACTION 09-00060 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| WAL-MART STORES, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Report and Recommendation on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #7**, referred to me by the district judge for report and recommendation.

This is a suit in which plaintiff claims damages he suffered when he tripped over a pallet at Wal-Mart. Suit was filed in state court in Natchitoches Parish and removed by defendant to this court based on diversity jurisdiction. In the petition, plaintiff stated that his injuries included injuries to the lumbar spine and injuries to the disks, muscles, ligaments and supporting structures of the lumbar spine. He alleged entitlement to damages for past, present and future pain and suffering and mental anguish, medical expenses and lost wages as well as loss of ability to engage in normal activities. In accordance with Louisiana law, the amount of the damages sought was not specified.

Defendant removed the case when plaintiff answered discovery indicating that he has a protruding disk and that his damages exceeded $75,000.

1

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). The parties may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who

wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy <u>at the time of removal</u>, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880 (5th Cir. 2000); <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A.</u>, 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); <u>St. Paul Mercury</u>, supra. See also, (<u>De Aguilar</u> II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. <u>Allen</u>, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. Plaintiff argues that the damages are facially apparent from the petition and refers the court to the nature of the damages sought by plaintiff and suggests that the removal is untimely because it was not filed within 30 days of service of the complaint. However, there is nothing in the petition to indicate that the damages sought are of any particular value or that they exceed $75,000. They are not facially apparent. This case is similar to the case of <u>Simon v. Wal-mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). It is easily distinguishable from <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999) and from <u>Gebbia v. Wal-mart Stores, Inc.</u>, 233 F.3d 880 (5th Cir, 2000). Therefore, it was not apparent from the face of the complaint that damages exceeded the

jurisdictional limit of this court. The suit was removed within 30 days of defendant's receipt from plaintiff of medical evidence showing the extent of plaintiff's injuries.

For these reasons, IT IS RECOMMENDED THAT plaintiff's Motion to Remand, doc. 7 be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 16th day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE